```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAVID LEEB and MARLENE LEEB    :    CIVIL ACTION
                               :
          v.                   :
                               :
ALLSTATE INDEMNITY COMPANY     :    NO. 09-3160
```

MEMORANDUM

McLaughlin, J.                                    August 3, 2009

      Plaintiffs David and Marlene Leeb filed suit in the Court of Common Pleas of Bucks County, Pennsylvania, on May 29, 2009, seeking to recover under a homeowners insurance policy for the alleged loss of a diamond necklace.  Defendant Allstate Indemnity Company ("Allstate") filed an answer in state court, asserting a counterclaim for civil insurance fraud and seeking compensatory damages, including investigation expenses, the cost of suit, attorneys fees, interest, and treble damages.  After filing its answer, Allstate removed the case to this Court on the basis of diversity jurisdiction.

      Upon review of Allstate's notice of removal and the plaintiffs' complaint, this Court issued an order for Allstate to show cause why this matter should not be remanded for failure to meet the amount-in-controversy requirement.  The Court noted that the plaintiffs' complaint sought to recover only the alleged $65,000 value of the necklace.  The Court also noted that Allstate's argument that its counterclaim should be included in

determining the amount in controversy was against the weight of authority in this district.

The Court has now received and reviewed Allstate's response to its show cause order.  Allstate concedes that if only the plaintiffs' claims are considered in evaluating the amount in controversy, then the jurisdictional threshold is not met.  In support of its argument that its counterclaim should be included in the amount in controversy, Allstate relies on <u>Spectacor Mgmt. Gp. v. Brown</u>, 131 F.3d 120 (3d Cir. 1997), a case which did not involve removal, and <u>Swallow & Assoc. v. Henry Molded Prod., Inc.</u>, 794 F. Supp. 660 (E.D. Mich. 1992), a case from outside this circuit.

<u>Spectacor</u> held that the amount of a defendant's compulsory counterclaim should be included in calculating the amount in controversy for a suit originally filed in federal court.  <u>Id.</u> at 121.  In reaching this conclusion, <u>Spectacor</u> distinguished earlier cases which had held that counterclaims should not be included in determining the amount in controversy for cases removed from state court.  Those cases represented "the majority view that inclusion of counterclaims should not be permitted in the removal context" and were based on congressional intent to limit removal by construing the statute "in favor of the non-removing party to prevent, <u>inter alia</u>, encroachment on the right of state courts to decide cases properly before them."

The Spectacor court held that these considerations were inapplicable to cases involving the exercise of original jurisdiction. The Spectacor court also cited the earlier Swallow decision, which had held that counterclaims should be included in determining the amount-in-contriver after removal, but noted that it was contrary to the "majority view." Id., 131 F.3d at 125-26.

District court opinions in this circuit following Spectacor have continued to distinguish between cases brought originally in federal court and those removed from state court. In removal cases, courts have consistently held that the amount in controversy is to be determined solely from the face of the plaintiff's complaint without reference to a defendant's counterclaims. See Augustine v. Chubb Group of Ins. Co., 2005 WL 1869186 at *3 (E.D. Pa. July 27, 2005) (holding compulsory counterclaim could not be used in determining the amount in controversy in a removal case); Woodbury Cement Prods., Inc. v. Datum Restoration, 1998 WL 372479 (E.D. Pa. June 4, 1998) (same); Indep. Mach. Co. v. Int'l Tray Pads and Packaging, Inc., 991 F. Supp. 687, 692 (D.N.J. 1998) (same).

This Court similarly finds that, because the removal statutes are to be narrowly construed, the defendant's counterclaim cannot be considered in determining the amount in controversy in this case. If only the plaintiffs' claims are considered, the amount in controversy here is less than the

jurisdictional threshold. This case must therefore be remanded for lack of subject-matter jurisdiction.

An appropriate Order will be issued seperately.